RICHARD S. ARNOLD, Chief Judge,
dissenting.
This is a close case, and the Court’s opinion is well argued, but I believe the facts in this record, when viewed in the light most favorable to the plaintiff (the party opposing summary judgment), would justify a rational jury in finding that the defendant Humke acted under color of state law.
Part of Humke’s job as a police officer was to work with the local school as a “goodwill ambassador,” providing security and conducting other programs. He first met the plaintiff while he was sitting outside the school in a police car and in uniform. He regularly went to the school as part of his duties. He would sometimes go to the plaintiffs house and talk to her from his patrol car. He was off duty, in his personal car, and not wearing a uniform, on the day that the alleged abuse occurred, but it seems to me a reasonable inference that the plaintiffs parents would not have allowed her- to go with Humke if it had not been for his official position. When he came to the plaintiffs house that day, he got out of his car and went into the house to reassure the parents that he would be careful, and that he and plaintiff would be going to a safe place. The parents knew that he was a police officer.
In short, Humke’s official position enabled him to gain the parents’ confidence and allow their daughter to go with him. The situation can fairly be described as abuse of official authority to put the minor plaintiff in a vulnerable position. Later, Humke attempted to intimidate the plaintiff into silence, or at least the trier of fact could so find, and was in his patrol car when he did so. “[A] defendant in a § 1983 suit acts under color of state law when he abuses the position given him by the State.” West v. Atkins, 487 U.S. 42, 50, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988).
For these reasons, I respectfully dissent.